17-3229-cv
*Plotzker v. Kips Bay Anesthesia, P.C.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

EDWARD PLOTZKER,

                *Plaintiff-Appellant*,                17-3229-cv

                v.

KIPS BAY ANESTHESIA, P.C., KIPS BAY ENDOSCOPY
CENTER, LLC,

                *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**        TOMASZ J. PIOTROWSKI (Steven M. Warshawsky, New York, NY, *on the brief*), Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**     THOMAS M. MEALIFFE, Nixon Peabody LLP, Jericho, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 11, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Edward Plotzker ("Plotzker") appeals from a judgment of the District Court granting summary judgment to Defendants-Appellees Kips Bay Anesthesia, P.C. and Kips Bay Endoscopy Center, LLC (jointly, "Kips Bay"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo. See Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 212 (2d Cir. 2018). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to establish a genuine dispute, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), and the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). *See also Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) ("[T]he nonmoving party may not rely on conclusory allegations or unsubstantiated speculation."); *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) ("The non-moving party . . . must offer some hard evidence showing that its version of the events is not wholly fanciful.").

After reviewing the record *de novo*, we agree with the District Court that there is no genuine dispute of material fact with respect to at least one element of Plotzker's retaliation claim, namely, that his employer was aware of his protected conduct. *See United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 95 (2d Cir. 2017) (describing framework commonly applied in assessing False Claims Act retaliation claims). With respect to this element, Plotzker's key evidence is an alleged statement made by his supervisor, Dr. Friedlander, during Plotzker's termination meeting. According to Plotzker, Dr. Friedlander informed him that "there was a meeting of the [Kips Bay] board and the board was very unhappy with what [Plotzker] had said" to several third-party consultants hired to inspect Kips Bay in anticipation of an accreditation survey. J.A. 156. Plotzker claims that Dr. Friedlander's comment refers to the alleged protected conduct, *i.e.*, Plotzker's statement to the consultants that he would "report" Kips Bay for certain conduct he believed amounted to Medicare fraud. *Id.* at 151.

2

Viewed in light of the record as a whole, however, Dr. Friedlander's statement supports at most a fleeting "metaphysical doubt" concerning his knowledge of the alleged protected conduct. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586. All of the other relevant witnesses to the conversation on which Plotzker's claim is premised categorically deny that he said he would report Kips Bay for Medicare fraud. It is no surprise, therefore, that the record contains no evidence suggesting that the witnesses to the alleged statement conveyed it to Dr. Friedlander. For their part, Dr. Friedlander and the members of Kips Bay's board denied having any knowledge of Plotzker's threat. And Plotzker admits that he did not inform Dr. Friedlander of his intent to report Kips Bay during the termination meeting or at any other time. Thus, even crediting Plotzker's deposition testimony, the evidence simply does not establish a genuine dispute of fact with respect to whether Dr. Friedlander knew about Plotzker's alleged protected conduct prior to terminating him.[1]

We have reviewed all of the arguments raised by Plotzker on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 11, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In light of our holding, we need not reach the remaining elements of Plotzker's retaliation claim. We note, however, that certain limited portions of the District Court's decision might be construed as reflecting a judgment regarding Plotzker's credibility. We have previously concluded that summary judgment might be appropriate where a plaintiff's claim relies almost exclusively on his or her own testimony and that testimony is both "unsubstantiated by any other direct evidence" and "contradictory and incomplete." *Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005). But we caution that such cases are rare, and that credibility judgments are, as a general matter, reserved for the jury. *See id.* at 553–54.